UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY LASHAWN FORTNER,<br>  Plaintiff,<br>  v.<br>LAKE COUNTY JAIL, et al.,<br>  Defendants. | Case No. 25-cv-03367-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a pre-trial detainee[1] currently housed at Lake County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaints (Dkt. Nos. 1, 6) are now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Under 28 U.S.C. § 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

---

[1] The Court presumes that Plaintiff is a pre-trial detainee as he states that his criminal case is ongoing. Dkt. No. 1 at 2.

defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Procedural Background**

On or about February 6, 2025, Plaintiff commenced this action by filing the pleading docketed at Dkt. No. 1 in the Central District of California. Dkt. No. 1. Although Dkt. No. 1 used the form petition for a writ of habeas corpus, Dkt. No. 1 did not challenge the legality of Plaintiff's custody, but instead challenged the conditions of his confinement. On February 14, 2025, after judicial review, the Central District of California construed Dkt. No. 1 as a prisoner civil rights complaint. On February 24, 2025, Plaintiff filed another pleading, again on the form for a petition for a writ of habeas corpus. Dkt. No. 6. The Central District of California docketed Dkt. No. 6 as an amended complaint. *Id.* On March 12, 2025, the Central District of California ordered that this action be transferred to this district. Dkt. No. 7. On April 17, 2025, this case was transferred in from the Central District. Dkt. No. 8.

**C.    Dismissal of Dkt. Nos. 1 and 6**

Dkt. No. 6, which the Central District of California labelled an amended complaint, is

considered the operative complaint because an amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). However, Dkt. No. 1 and Dkt. No. 6 challenge separate events. In Dkt. No. 1, Plaintiff complains that jail officials failed to respond appropriately to a coughing fit on January 10 and a request for medical attention on January 11. *See generally* Dkt. No. 1. In Dkt. No. 6, Plaintiff alleges that all his grievances have been denied; he has been denied medical treatment; jail officials make fun of him, disrespect him, mimic him, call him storybook names, and call him a liar; and jail officials tamper with his mail. *See generally* Dkt. No. 6. It is unclear to the Court whether Plaintiff intended for Dkt. No. 6 to replace Dkt. No. 1, or if Plaintiff sought to file a new action when he filed Dkt. No. 6. Regardless, as explained below, neither complaint states a cognizable claim for relief.

First, neither complaint identifies what federal constitutional provision or federal law was violated by the incidents described. Dkt. No. 1 refers generally to "federal law against discrimination against mental health and disabilities act," but does not identify the specific federal law. Dkt. No. 1 at 3. Dkt. No. 6 lists various cases, and references the Eighth Amendment and cruel and unusual punishment. Dkt. No. 6 appears to reference some statutes but provides only numbers and does not specify the name of the statute. Dkt. No. 6 at 3. However, these vague fragments and citations fail to explain how the incidents described violated either federal law or the federal Constitution.

Second, it is unclear who Plaintiff is suing. Both complaints refer either to unnamed deputies or jail staff, or refers to "all staff." In Dkt. No. 6, Plaintiff identifies one defendant by name – nurse Lynn – but Dkt. No. 6 alleges actions by other individuals in addition to nurse Lynn.

Third, both complaints violate Fed. R. Civ. P. 8(a)'s requirement of a short and plain statement. Both Dkt. No. 1 and Dkt. No. 6 appear to be a litany of ongoing complaints about Plaintiff's interactions with jail staff. In addition, both Dkt. Nos. 1 and 6 provide only vague and conclusory statements, from which it is hard to ascertain the legal cause of action. In Dkt. No. 1, Plaintiff claims that jail officials should have provided him with medical attention during a coughing fit that made it hard to breathe. Yet it is unclear why a coughing fit requires medical treatment, and what specific medical treatment would remedy the coughing fit. In Dkt. No. 6,

3

1 Plaintiff does not explain how his mail has been tampered with or how jail officials calling him
2 names has harmed him.  Both Dkt. No. 1 and Dkt. No. 6 appear to be ongoing records of
3 Plaintiff's frustrations with jail conditions.  For these reasons, both Dkt. Nos. 1and 6 violate Fed.
4 R. Civ. P. 8.  *See, e.g.*, *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059
5 (9th Cir. 2011) (complaints are subject to dismissal if they are "needlessly long," "highly
6 repetitious, confusing, or consist of incomprehensible rambling"); *Indep. Towers of Wash. v.*
7 *Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("When reading [plaintiff's] brief, one wonders if
8 [plaintiff], in its own version of the spaghetti approach, has heaved the entire contents of a pot
9 against the wall in hopes that something would stick. We decline, however, to sort through the
10 noodles in search of [plaintiff's] claim.").  The failure to comply with Rule 8 is a basis for
11 dismissal that is not dependent on whether the complaint is without merit.  *See McHenry v. Renne*,
12 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was
13 "argumentative, prolix, replete with redundancy, and largely irrelevant").  Even claims which are
14 not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule
15 8(a).  *See id.*  Plaintiff's *pro se* status does not relieve him of conformity to the pleading rules.
16 *See, e.g., Romano v. U.S. Army Core of Eng'rs*, Case No. 17-cv-930-JD, 2017 WL 6448221, at *1
17 (N.D. Cal. Dec. 18, 2017).

18 Fourth, Dkt. No. 6 violates the joinder rule set forth in Fed. R. Civ. P. 20.  Fed. R. Civ. P.
19 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to
20 relief is asserted against them jointly, severally, or in the alternative with respect to or arising out
21 of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question
22 of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  The
23 upshot of these rules is that "multiple claims against a single party are fine, but Claim A against
24 Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*,
25 507 F.3d 605, 607 (7th Cir. 2007).  In this action, Plaintiff may only seek relief for incidents that
26 (1) arise out of the same occurrence; and (2) have a common question of law or fact common to all
27 defendants.  For example, Plaintiff's concerns about jail officials tampering with his mail likely
28 involve different jail officials and arise from a different occurrence than the incidents involving

the denial of medical treatment.  Plaintiff needs to choose the claims he wants to pursue in this action that meet the joinder requirements.  Plaintiff should file separate actions for the claims that arise out of separate occurrences.

For the reasons set forth above, the Court DISMISSES both Dkt. Nos. 1 and 6 for failure to state a claim.

**D.     Granting Leave to Amend**

In the interests of justice, the Court GRANTS Plaintiff leave to file a second amended complaint.  The Court urges Plaintiff to use the complaint form that has been provided to him with this order.

In preparing a second amended complaint, the Court advises Plaintiff as follows.

First, in this action, Plaintiff may only pursue relief with respect to actions (or failures to act) that (1) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) share a common question of law or fact.  Fed. R. Civ. P. 20(a)(2).

Second, Plaintiff should, for each cause of action, (1) state as clearly as possible the facts giving rise to the cause of action; (2) identify by name the individual he seeks to sue; (3) explain in a simple and concise manner why the named defendant is being sued in connection with the alleged wrongdoing; and (4) identify the constitutional provision or federal law violated.  The Court will not attempt to identify causes of actions or defendants from a narrative of events or from a laundry list of wrongs.

Third, Plaintiff is reminded that a pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice to state a cognizable claim for relief.  *Ashcroft*, 556 U.S. at 677–78.

Fourth, Plaintiff is cautioned that not every unpleasant interaction with jail officials gives rise to a constitutional violation.  Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.  *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v.*

*Rutledge*, 460 U.S. 719 (1983).  The Eighth Amendment prohibits deliberate indifference to an inmate's serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  However, in order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm.  *See Simmons v. G. Arnett*, 47 F.4th 927, 935 (9th Cir. 2022).  "Under this standard, an inadvertent failure to provide adequate medical care[ and] differences of opinion in medical treatment . . . are not enough to sustain an Eighth Amendment claim."  *Id.*  Plaintiff disagrees with the medical treatment provided (or not provided), but it not clear that he faced a substantial risk of serious harm, or that jail officials drew that conclusion.  In addition, a difference of opinion between plaintiff and jail officials as to how to treat his medical condition does not state an Eighth Amendment claim.  *Id.*

E. **Addressing Plaintiff's Frequent Filings**

Plaintiff has filed at least ten lawsuits in the Central District of California and this district since January 2025.  In these lawsuits, after filing the initial complaint, Plaintiff files letters that inform the Court of any wrongs that he allegedly suffers as he experiences them.

To assist Plaintiff in effectively seeking relief for alleged mistreatment, the Court provides Plaintiff the following guidance.

First, Plaintiff should use the appropriate form when filing an action with this Court.  All of Plaintiff's lawsuits challenge his conditions of confinement, yet sometimes he files these lawsuits on the form for a petition for a writ of habeas corpus.  A petition for a writ of habeas

6

1  corpus is the exclusive remedy for a challenge to the lawfulness of a petitioner's confinement.
2  Challenges to conditions of confinement, including allegations that the litigant has been mistreated
3  by correctional officers, must be brought in a civil rights action. *Nettles v. Grounds*, 830 F.3d 922,
4  931 (9th Cir. 2016) (en banc) (if claim does not lie at core of habeas corpus, claim may not be
5  brought in habeas and may only be brought under 42 U.S.C. § 1983); *see also Ramirez v. Galaza*,
6  334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper,
7  where a successful challenge to a prison condition will not necessarily shorten the prisoner's
8  sentence"). Generally speaking, the relief available in habeas actions is limited to release from
9  custody. If Plaintiff is seeking monetary compensation for alleged mistreatment by jail officials,
10 or that jail officials be required to take or cease certain actions, he may only bring such claims in a
11 civil rights action and may not being such claims in petition for a writ of habeas corpus.

12       Second, in this Court, Plaintiff should only file actions over which the Court has
13 jurisdiction. Federal courts are courts of limited jurisdiction, which means that the Court is
14 limited in the issues it may consider and relief it may provide. *Kokkonen v. Guardian Life Ins. Co.*
15 *of Am.*, 511 U.S. 375, 377 (1994). For this Court to have jurisdiction over an action, there must be
16 either (1) diversity jurisdiction, i.e. the defendants must be from a state other than California and
17 the amount in controversy be over a certain amount, or (2) federal question jurisdiction, i.e., the
18 legal claim involves a federal law, the federal Constitution, or a United States treaty. 28 U.S.C. §§
19 1331, 1332. Plaintiff may seek relief in this Court only for actions or failures to act that violate
20 federal law or the federal Constitution. The mere fact that Plaintiff has been poorly treated does
21 not, without more, state a violation of federal law or the federal Constitution.

22       Third, Plaintiff should refrain from filing duplicative or repetitious litigation. Plaintiff
23 should not file multiple lawsuits regarding the same event or issue. For example, in C No. 24-
24 3451 HSG, *Fortner v. Lake County Jail, et al.*, Plaintiff alleges that he has been falsely accused of
25 stockpiling medication, which is an allegation that he also makes in C No. 25-cv-2615 HSG,
26 *Fortner v. Lake County Jail Staff, et al*. *Compare* C No. 24-3451 HSG, *Fortner v. Lake County*
27 *Jail, et al.*, Dkt. No. 4 at 2-3 *with* C No. C No. 25-cv-2615 HSG, *Fortner v. Lake County Jail*
28 *Staff, et al.*, Dkt. No. 1 at 32. Duplicative or repetitious litigation of virtually identical causes of

United States District Court
Northern District of California

1    action is subject to dismissal under 28 U.S.C. § 1915 as malicious.  *Bailey v. Johnson*, 846 F.2d

2    1019, 1021 (5th Cir. 1988).  An *in forma pauperis* complaint that merely repeats pending or

3    previously litigated claims may be considered abusive and dismissed under Section 1915.  *Cato v.*

4    *United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021.  An *in forma*

5    *pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now

6    filed against new defendants, therefore is subject to dismissal as duplicative.  *Bailey*, 846 F.2d at

7    1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975).

8          Fourth, Plaintiff is cautioned that filing more than three lawsuits that fail to state a claim

9    can result in being denied leave to proceed *in forma pauperis* in future lawsuits.  28 U.S.C. §

10   1915(g) provides that a prisoner may not proceed *in forma pauperis* in a civil action "if the

11   prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

12   an action or appeal in a court of the United States that was dismissed on the grounds that it is

13   frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

14   is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Without the ability to

15   proceed *in forma pauperis*, Plaintiff would need to pay the full $405 filing fee before he could

16   proceed with a lawsuit.  Before filing an action, Plaintiff should research the relevant law to

17   determine whether he has a legal cause of action.

18         Fifth, Plaintiff should not file letters with the Court that inform the Court of events as they

19   happen.  The only claims that will be litigated in this action are any cognizable claims pled in the

20   operative complaint.  Currently there is no operative complaint.  Plaintiff cannot add events to his

21   complaint via letters.  Plaintiff should therefore refrain from writing letters to the Court to report

22   on events as they happen as these letters have no legal effect, and the Court cannot take action on

23   letters.  Filing numerous letters clutters the docket and may delay the Court's ability to address

24   meritorious requests or issues.

25                                             **CONCLUSION**

26         For the foregoing reasons, the Court DISMISSES Dkt. Nos. 1 and 6 for failure to state a

27   claim.  The Court GRANTS Plaintiff leave to file a second amended complaint.  Within twenty-

28   eight (28) days of the date of this order, Plaintiff shall file a second amended complaint that

addresses the deficiencies identified above. The second amended complaint must include the caption and civil case number used in this order, Case No. C 25-03367 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. The Court advises Plaintiff to use the court's form complaint to guide him in preparing his second amended complaint. Plaintiff must answer all the questions on the form complaint in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey*, 693 F.3d at 925. Accordingly, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaints by reference. Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:    5/6/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

9